IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

NORTHERN DISTRICT OF TEXAS
FILED

DEC 23 2014

CLERK, U.S. DISTRICT COURT
By _____
        Deputy

MIRNA OROZCO,                    §
                                 §
             Movant,             §
                                 §
VS.                              §    NO. 4:14-CV-733-A
                                 §    (NO. 4:12-CR-077-A)
UNITED STATES OF AMERICA,        §
                                 §
             Respondent.         §

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of movant, Mirna Orozco,

under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence,

to which the government filed a response.[1]  Movant did not file

a reply.  Having now considered all of the parties' filings, the

entire record of this case, including the record in movant's

criminal case, and the applicable legal authorities, the court

concludes that the motion should be denied.

I.

Pertinent Background Information

From approximately January or February through April of

2011, movant participated in a scheme whereby one of her

---

[1]On September 9, 2014, the court granted movant's motion for an extension of time to file a supporting memorandum. Rather than file the memorandum, however, movant filed a second motion for an extension. That motion was unfiled by the court because it was unsigned. Movant neither refiled her second motion nor filed a supporting memorandum.

codefendants stole mail from United States Postal Service collection boxes, then sold envelopes containing checks to movant and another codefendant.  Movant and her codefendant used information from the stolen checks to manufacture their own counterfeit checks.  Movant and her codefendant then cashed some of the checks, and used others to purchase merchandise they later returned for cash.  One of movant's codefendants was caught on camera stealing mail from the collection box.  Movant's apartment was subsequently searched by federal authorities pursuant to a warrant, and found hundreds of counterfeit checks.

On June 8, 2012, movant pleaded guilty to one count of conspiracy to possess stolen mail, in violation of 18 U.S.C. § 371, and one count of possession of stolen mail, in violation of 18 U.S.C. § 1708.  On September 21, 2012, the court sentenced movant to a term of imprisonment of fifty months as to count 1, and fifty months as to count 2, to be served consecutively to each other for an aggregate term of imprisonment of 100 months.  Movant appealed; however, her attorney, Mark Danielson ("Danielson"), filed a motion to withdraw pursuant to Anders v. Cal., 386 U.S. 738 (1967).  Movant failed to respond, and the Fifth Circuit, finding "no nonfrivolous issue for appellate review," dismissed the appeal.  United States v. Orozco, 538 F.

2

App'x 594, 595 (5th Cir. 2013).

II.

## Grounds of the Motion

Movant raised four grounds for relief, all claiming that Danielson rendered ineffective assistance of counsel.  First, movant claimed that Danielson failed to object to the scope of relevant conduct.  Specifically, movant alleged that she only became aware of the conspiracy in January 2011, but was held accountable for all relevant conduct prior to that date.  The second claim alleged that movant was sentenced "in mandatory manner" to two consecutive fifty-month sentences, but that Danielson failed to raise a "Booker" error to challenge the sentence.  Mot. at 7.

For her third ineffective assistance claim, movant contended that her sentence was enhanced by six levels for more than 250 victims, but that Danielson failed to object to the number of victims.  Movant's final ground for relief alleged that Danielson failed to raise "errors of fact found by [the] Judge," id. at 8, in violation of the Supreme Court's decision in Alleyne v. United States, ____ U.S. ____, 133 S. Ct. 2151 (2013).

3

III.

### Treatment of § 2255

After conviction and exhaustion of any right to appeal,
courts are entitled to presume that a defendant stands fairly and
finally convicted. United States v. Frady, 456 U.S. 152, 164
(1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir.
1991) (en banc). A defendant can challenge his conviction or
sentence after it is presumed final only on issues of
constitutional or jurisdictional magnitude and may not raise an
issue for the first time on collateral review without showing
both "cause" for his procedural default and "actual prejudice"
resulting from the errors. Shaid, 937 F.2d at 232. Section 2255
does not offer recourse to all who suffer trial errors, but is
reserved for transgressions of constitutional rights and other
narrow injuries that could not have been raised on direct appeal
but, if condoned, would result in a complete miscarriage of
justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir.
Unit A Sept. 21, 1981).

4

IV.

## None of the Grounds Has Merit

A.  Legal Standards Applicable to Claims of Ineffective
    Assistance of Counsel

To prevail on an ineffective assistance of counsel claim,
movant must show (1) that counsel's performance fell below an
objective standard of reasonableness and (2) that there is a
reasonable probability that, but for her counsel's unprofessional
errors, the result of the proceedings would have been different.
Strickland v. Washington, 466 U.S. 668, 687, 694 (1984).  Both
prongs of the Strickland test must be met to demonstrate
ineffective assistance.  Id. at 697.  Further, "[a] court need
not address both components of an ineffective assistance of
counsel claim if the movant makes an insufficient showing on
one."  United States v. Stewart, 207 F.3d 750, 751 (5th Cir.
2000) (per curiam).  "The likelihood of a different result must
be substantial, not just conceivable," Harrington v. Richter, 562
U.S. 86, ____, 131 S.Ct. 770, 792 (2011), and a movant must prove
that counsel's errors "so undermined the proper functioning of
the adversarial process that the trial cannot be relied on as
having produced a just result."  Cullen v. Pinholster, ___ U.S.
____, 131 S.Ct. 1388, 1403 (2011) (quoting Strickland, 466 U.S.

5

at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689.

Here, movant is entitled to no relief based on the alleged ineffective assistance of counsel because she has failed to meet the standard set forth by Strickland.

B. First Ground for Relief

The court agrees with the government that the first ground for relief should be denied because movant fail adequately to allege the basis of her claim. Movant makes only the conclusory assertion that Danielson failed to object to the scope of relevant conduct. Movant fails to articulate what she believes Danielson should have argued as the basis for the objection. In a habeas petition, the movant must identify facts that "raise the spectre of constitutional error," rather than merely conclusory assertions. United States v. Woods, 870 F.2d 285, 288 (5th Cir. 1989) (per curiam). "[M]ere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." Ross v. Estelle, 694 F.2d 1008, 1012 (5th Cir. 1983) (per curiam).

In any event, the record refutes movant's first claim, as Danielson appears to have raised the issue of relevant conduct at

6

movant's sentencing hearing. Danielson urged the court to consider that the conspiracy was alleged to have lasted from 2006 until 2011, but that movant was incarcerated until approximately January or February of 2011. Although the stolen mail found in the apartment where movant was staying predated her release from prison, Danielson urged the court to consider that movant was incarcerated and unavailable during the time much of the mail was stolen. The court ultimately sentenced movant at the bottom of the guideline range. Movant has not alleged anything Danielson could have said or done that would have resulted in a different outcome. That Danielson was not more effective in his objection does not constitute ineffective assistance. See Youngblood v. Maggio, 696 F.2d 407, 410 (5th Cir. 1983) (per curiam).

C.    Second Ground for Relief

Again, movant failed to describe precisely the contours of her claim, warranting dismissal on that basis alone. United States v. Pineda, 988 F.2d 22, 23 (5th Cir. 1993) (per curiam). Her claim that Danielson "[f]ail[ed] to raise Booker error," Mot. at 7, is conclusory and does not·state what she contends Danielson should have said or done that would have changed the outcome of her case, as is required to show prejudice. Strickland, 466 U.S. at 694. Nevertheless, to the extent the

7

court can determine the merits of this claim, it fails on that
basis as well.

The Supreme Court in United States v. Booker, 543 U.S. 220,
259 (2005), rendered the United States Sentencing Guidelines
advisory, rather than mandatory.  Nothing in Booker, however,
restricted the court's authority in 18 U.S.C. § 3584 to impose
consecutive sentences after considering the factors set forth
in 18 U.S.C. § 3553(a).  Here, the court expressly stated on the
record that it considered all of the factors in § 3553 in
determining the sentence to impose, which included ordering the
terms of imprisonment as to each count to run consecutively.
Accordingly, Danielson could have raised no objection to the
consecutive terms of imprisonment.  Counsel is not ineffective
for failing to make a meritless objection.  United States v.
Kimler, 167 F.3d 889, 893 (5th Cir. 1999).

D.    Third Ground for Relief

Again, movant stated her claim in conclusory fashion:
"Counsel failed to object to the number of victims."  Mot. at 7.
Movant failed to identify the basis or the nature of the
objection she contends Danielson should have raised.  This
conclusory statement, absent any facts that could tend to show
the violation of a constitutional right, is insufficient to

8

sustain a claim of ineffective assistance of counsel.  <u>Ross</u>, 694 F.2d at 1012.

Movant would be no better off if the court were to assume for the sake of discussion that she had in mind when she formulated her third ground for relief the October 2013 ruling of the Fifth Circuit in <u>United States v. Moore</u>, 733 F.3d 161 (5th Cir. 2013).  The <u>Moore</u> ruling was not handed down until more than a year after movant was sentenced.  There is no reason to think that a rational attorney at the time of movant's sentencing would have anticipated that there would be such a ruling, one that was so unusual that the dissenting circuit judge commented that:

> The majority opinion's construction of the
> Guidelines leads to patently absurd results.

<u>Id.</u> at 168 (Owen, Cir. J., dissenting).[2]

Additionally, to the extent movant is attempting to challenge the court's application of the Sentencing Guidelines in her case, such a claim is not cognizable in a motion pursuant to § 2255.  <u>United States v. Williamson</u>, 183 F.3d 458, 462 (5th Cir. 1999) ("Misapplications of the Sentencing Guidelines . . . are

---

[2]Although the Fifth Circuit in <u>United States v. Moore</u>, 733 F.3d 161 (5th Cir. 2013), decided the same issue that movant appears to be attempting to raise regarding United States Sentencing Guideline 2B1.1(b)(2)(C) and cmt. n.4(C)(i) & (ii)(I), the court finds <u>Moore</u> to be inapplicable to the instant action. <u>Moore</u> was decided on direct appeal of the defendant's criminal case, whereas here, movant raised the issue in a collateral proceeding pursuant to 28 U.S.C. § 2255.

9

not cognizable in § 2255 motions.").

E.    Fourth Ground for Relief

This ground for relief, based on the Supreme Court's decision in Alleyne, is also without merit.    The Supreme Court has made clear that "a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive."    Tyler v. Cain, 533 U.S. 656, 663 (2001).    As the Fifth Circuit has recognized, the Supreme Court has not declared Alleyne to be retroactively applicable on collateral review.    In re Kemper, 735 F.3d 211, 212 (5th Cir. 2013) (per curiam). Movant's reliance on Alleyne affords her no relief.

In any event, Alleyne is inapplicable to movant's case. Movant contended Danielson "neglected to raise Alleyne errors of facts found by Judge, not listed in the indictment, proven by Jury or admitted by Defendant."    Mot. at 8.    Presumably, movant is attempting to allege that Danielson failed to object that the court violated Alleyne's requirement that any fact that increases the mandatory minimum punishment must be submitted to a jury or charged in the indictment.    Movant, however, was not subject to a mandatory minimum sentence, but rather to a guideline range of 100 to 120 months, Sentencing Tr. at 5, and the court in its discretion imposed a sentence at the bottom of that range.

10

Movant has alleged nothing as would show <u>Alleyne</u> in any way applied to her case.  As stated previously, Danielson did not render ineffective assistance for failing to make a meritless objection.

V.

Order

Therefore,

The court ORDERS that the motion of Mirna Orozco to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED December 23, 2014.

JOHN McBRYDE
United States District Judge

11